UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASSANDRA WILLIS,

    Plaintiff,

CASE NO.:

v.

INDIGO MANOR CORPORATION,
a Foreign for Profit Corporation, and
INDIGO MANOR LIMITED PARTNERSHIP,
a Foreign Limited Partnership.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CASSANDRA WILLIS, ("Plaintiff"), by and through her undersigned counsel hereby files this Complaint and Demand for Jury Trial against INDIGO MANOR CORPORATION and INDIGO MANOR LIMITED PARTNERSHIP, ("Defendants"), and alleges as follows:

### Jurisdiction and Venue

1. This is an action for damages by Plaintiff against her former employer, INDIGO MANOR CORPORATION and INDIGO MANOR LIMITED PARTNERSHIP, ("Defendants"), for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendment Acts of 2008, and the Florida Civil Rights Act, Fla. Stat. §§ 760.01, *et. seq.*, ("FCRA"). This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Local Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this district because a substantial part of the

1

events giving rise to the instant action occurred in Volusia County, Florida. At all times material to this action, Defendant has conducted substantial, continuous and systematic commercial activities in Volusia County, Florida.

## Exhaustion of Administrative Remedies

3. Prior to the filing of this civil action, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was dually filed on a timely basis with the Florida Commission on Human Relations (FCHR).

4. Plaintiff received a Notice of Right to Sue letter from the EEOC indicating that the Plaintiff may proceed by filing a lawsuit in a court of competent jurisdiction.

## General Allegations

5. Defendant Indigo Manor Corporation is a Foreign for Profit Corporation doing business in Volusia County, Florida.

6. Defendant Indigo Manor Limited Partnership is a Foreign Limited Partnership doing business in Volusia County, Florida.

7. Plaintiff is an individual *sui juris* residing in Volusia County, Florida.

8. Plaintiff is a disabled individual who suffers from a serious health condition.

9. Plaintiff was an employee of Defendant(s) as contemplated by the FMLA, ADA and FCRA.

10. Defendant(s) are covered employers as contemplated by the FMLA, ADA and FCRA.

11. At all relevant times, Defendant(s) employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year within seventy-five (75) miles of Plaintiff's work location.

12. Plaintiff began working for Defendant(s) in or around September 2016 until in or around August 2018, and at all relevant times hereto held the position of "Certified Nursing Assistant," or "CNA."

13. Plaintiff worked for Defendant(s) for more than twelve (12) months prior to Plaintiff's need for leave in 2017 and worked more than 1,250 hours.

14. Plaintiff was eligible for FMLA leave.

15. At all times relevant hereto, Plaintiff met or exceeded the employment expectations for her position with Defendant(s).

16. On or around June 15, 2018, Plaintiff was in a motor vehicle accident, suffering back and neck injuries that required ongoing medical attention and treatment.

17. Plaintiff notified Defendant(s) immediately of the accident and her need for medical treatment, along with a note from the hospital clearing her to return to work as of June 19, 2018.

18. Defendant(s) responded by reducing Plaintiff's schedule to three (3) days a week.

19. On or around June 26, 2018, Plaintiff's serious health condition worsened, and she was issued restrictions by her doctor, including restricting her ability to lift, perform any strenuous activities such as mopping or sweeping, and stand for any extended periods over thirty (30) minutes at a time. Her restrictions also required a five (5) minute break every thirty (30) minutes to stretch. A doctor's note was provided to Defendant(s).

20. Defendant had knowledge of Plaintiff's medical condition and need for ongoing medical treatment.

21. Plaintiff was required to attend therapy two (2) times a week due to her accident, as well as attend weekly doctor's appointments.

22. Rather than provide Plaintiff with the reasonable accommodations, Defendant(s) removed her from the schedule entirely, forcing Plaintiff into a six (6) week unpaid medical leave.

23. Throughout Plaintiff's leave, on July 26, 2018, she received a note from her doctor clearing her to return to full working capacity as of August 1, 2018. This doctor's note was provided to Defendant(s).

24. The very next day after receiving Plaintiff's doctor's note, Defendant(s) terminated Plaintiff in or around August 2018.

25. Plaintiff was also treated less favorably than similarly situated non-disabled employees outside her protected class in the terms, conditions, and benefits of employment.

26. At all relevant times, Defendant(s) were aware of Plaintiff's serious health condition, and Plaintiff's need for leave to attend ingoing medical appointments and treatment.

27. However, after Plaintiff needed a reduced schedule due her serious health condition and need for ongoing medical treatment, she was placed on leave without pay, and ultimately terminated.

28. Defendant(s) failed to reasonably accommodate Plaintiff, interfered with her rights under the FMLA, treated her less favorably than similarly situated non-disabled employees, and retaliated against her for her protected expression by ultimately terminating Plaintiff.

29. As a result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer damages including loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. Plaintiff has also suffered emotional distress damages. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

30. Plaintiff has exhausted all administrative remedies and has met all administrative prerequisites for bringing this action.

31. Plaintiff has retained Lytle & Barszcz to represent her in this matter and has agreed to pay Lytle & Barszcz attorney's fees for their services.

## COUNT I
## FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. 2601, et. Seq.
### Interference

32. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

33. Defendant(s) violated the FMLA by interfering with Plaintiff's leave under the FMLA, denying Plaintiff the full benefits of her leave under the Act, by denying her certain conditions and benefits of employment because of her leave, and by disciplining and ultimately terminating her employment with Defendant for exercising her rights under the FMLA.

34. As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

35. Plaintiff has exhausted all administrative remedies and has met all administrative prerequisites for bringing this action.

36. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) for the following:

 A. Backpay, front pay and compensatory damages;

 B. Pre-judgment and post judgment interest;

 C. Liquidated damages;

 D. Attorney's fees and costs; and,

E. Such other relief this Court deems just and proper.

## COUNT II
## FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. 2615, et. Seq.
## Retaliation

37. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

38. Defendant(s) violated the FMLA by retaliating against Plaintiff for making protected expressions and by exercising her rights under the FMLA.

39. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, other employment benefits and job opportunities and mental anguish and emotional distress. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

40. Plaintiff has exhausted all administrative remedies and has met all administrative prerequisites for bringing this action.

41. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) for the following:

A. Backpay, front pay, and compensatory damages including emotional distress damages;

B. Pre-judgment and post judgment interest;

C. Liquidated damages;

D. Attorney's fees and costs; and,

E. Such other relief this Court deems just and proper.

## COUNT III

## Violation of the ADA
## Disability Discrimination

42. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

43. Defendant(s) violated the ADA by intentionally discriminating against Plaintiff on the basis of her disability, and/or her perceived disability and/or for Plaintiff having a record of a disability.

44. Defendant(s) intentionally discriminated and interfered with the terms of conditions of Plaintiff's employment, including denying Plaintiff reasonable accommodations and failing to engage in the interactive process with Plaintiff.

45. In addition, Plaintiff was treated less favorably than similarly situated non-disabled employees outside her protected class in the terms, conditions and benefits of employment.

46. Defendant's actions were taken with malice and/or reckless indifference to Plaintiff's federally protected rights.

47. As a direct result of Defendant(s) intentional discrimination against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

48. Plaintiff has exhausted all administrative remedies and has met all administrative prerequisites for bringing this action.

49. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) for the following:

A. Back pay, front pay and compensatory damages including emotional distress;

B. Punitive damages;

C. Pre- and post-judgment interest;

D. Attorneys' fees and costs; and,

E. Such other relief this Court deems just and proper.

## COUNT IV
## Violation of the ADA
## Retaliation

50. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

51. Defendant(s) intentionally retaliated against Plaintiff because of her opposition to Defendant's unlawful employment practices, as set forth in the preceding paragraphs, in violation of the ADA.

52. The actions of Defendant(s) were taken with malice and/or reckless indifference to the federally protected rights of Plaintiff.

53. As a direct and proximate result of Defendant's violations of the ADA, and/or willful, knowing and intentional retaliation against her, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

54. Plaintiff has exhausted all administrative remedies and has met all administrative prerequisites for bringing this action.

55. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) for the following:

A.  Back pay, front pay and compensatory damages including emotional distress;

B.  Punitive damages;

C.  Pre- and post-judgment interest;

D.  Attorneys' fees and costs; and,

E.  Such other relief this Court deems just and proper.

## COUNT V
## Violation of the FCRA
## Disability Discrimination

56. Plaintiff repeats and incorporates by reference Paragraphs 1 through 31 above, as though fully set forth herein.

57. Plaintiff was subjected to unlawful discrimination on the basis of her disability, and/or perceived disability, and/or having a record of a disability.

58. Plaintiff was treated different than similarly situated non-disabled employees, was subject to hostile work environment, and subjected to harassment because of her disability and/or perceived disability and/or record of a disability and was denied conditions and benefits of employment, including reasonable accommodations because of her disability and/or perceived disability, and/or Plaintiff having a record of a disability, and Defendants failed to engage in the interactive process with Plaintiff.

59. The actions of the Defendants were intentional and/or reckless to the statutorily protected rights of Plaintiff, entitling her to damages in the form of compensatory and punitive damages.

60. As a direct and proximate result of Defendants' intentional and reckless discrimination against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job

opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

61. Plaintiff has exhausted her administrative remedies and has met all administrative prerequisites for bringing this action.

62. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm reasonable attorneys' fees for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s) for the following:

- A. Back pay, front pay and compensatory damages including emotional distress damages and interest;
- B. Punitive damages;
- C. Pre- and post-judgment interest;
- D. Attorneys' fees and costs; and,
- E. Such other relief this Court deems just and proper.

### COUNT VI
### Violation of the FCRA
### Retaliation

63. Plaintiff repeats and incorporates by reference Paragraphs 1 through 31 above, as though fully set forth herein.

64. Defendants intentionally retaliated against Plaintiff because of her opposition to Defendants' unlawful employment practices, as set forth in the preceding paragraphs, in violation of the FCRA.

65. As a direct and proximate result of Defendants' intentional and reckless discrimination and retaliation against the Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits

and job opportunities. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

66. Plaintiff has exhausted her administrative remedies and has met all administrative prerequisites for bringing this action.

67. Plaintiff has retained Lytle & Barszcz to represent her in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

A. Back pay, front pay and compensatory damages, including emotional distress damages;

B. Punitive damages;

C. Pre-judgment and post judgment interest;

D. Reasonable attorney's fees and costs of this action; and,

E. Such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 16th day of March 2020.

     /s/ *David V. Barszcz, Esq.*
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**Mary E. Lytle, Esq.**
Florida Bar No.: 0007950
**LYTLE & BARSZCZ, P.A.**
533 Versailles Dr., 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**